**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                     Cr. Case No: 04-80075
                                     HONORABLE VICTORIA A. ROBERTS

MAURICE NICKENS,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS AND FOR DISCOVERY**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss and for Discovery [Doc. 51]. Because Defendant fails to offer sufficient evidence to meet the rigorous standard for discovery based on a claim of selective-prosecution, his motion for discovery and to dismiss is DENIED.

**II.    BACKGROUND**

On December 30, 2003, Maurice Nickens, ("Defendant"), was arrested by the Detroit Police and charged in state court with delivery of less than 50 grams of a controlled substance, felon in possession of a firearm, and felony firearm possession in the commission of or attempt to commit a felony.

The state charges were dismissed without prejudice at the beginning of a scheduled preliminary examination on January 23, 2004. That same day criminal charges of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) were filed against Defendant in federal court. At a prior hearing before this Court, the

Government conceded that Defendant was referred for federal prosecution by the Wayne County Prosecutor's Office as part of the Project Safe Neighborhood ("PSN") crime reduction initiative. The PSN initiative encourages federal prosecution in certain instances for crimes involving firearms.

Defendant contends that PSN "disproportionally targets African-Americans for federal prosecution." Def. Mo. at ¶ 5. Thus, Defendant seeks discovery from the Government to further establish his allegation, or, in the alternative, for the Court to dismiss the indictment.

### III.   APPLICABLE LAW AND ANALYSIS

The Supreme Court held that "a selective-prosecution claim asks a court to exercise judicial power over a 'special province' of the Executive." *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Thus, the "Attorney General and the United States Attorneys retain broad discretion" and latitude to enforce the Nation's criminal laws. *Id.* "As a result, the presumption of regularity supports their prosecutorial discretion and in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id.* (internal quotations omitted).

However, claims of selective-prosecution are not impossible to establish. Further, a federal prosecutor's actions are constrained by the equal protection component of the Due Process clause of the Fifth Amendment, and thus, a decision to prosecute may not be based on race. *Id.*

Nonetheless, the burden of establishing selective-prosecution is extremely demanding. Indeed, "[i]n order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the

contrary.'" *Id.* at 465 (*citing United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)).

In *Gardenhire v. Schubert*, 205 F.3d 303 (6th Cir., 2000), the Sixth Circuit outlined a three-part test for determining selective-prosecution:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*Id.* at 319 (*citing United States v. Anderson*, 423 F.2d 450, 453 (6th Cir. 1991); *see also Armstrong*, 517 U.S. at 465 ("The claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose.").

Even obtaining discovery based on an allegation of selective-prosecution is a difficult task. A key concern with potential discovery in selective-prosecution cases is that "[i]t will divert prosecutors' resources and may disclose the Government's prosecutorial strategy." *Armstrong*, 517 U.S. at 468. The Supreme Court noted that "[t]he justifications for a rigorous standard for the elements of a selective-prosecution claim [also] require a correspondingly rigorous standard for discovery in aid of such a claim." *Id.* Thus, the Supreme Court found that "the showing necessary to obtain discovery [in a selective-prosecution case] should itself be a significant barrier to the litigation of insubstantial claims." *Id.* at 464.

In *United States v. Bass*, the Supreme Court outlined the threshold to obtain discovery, noting that "*a defendant who seeks discovery* on a claim of selective-

prosecution <u>*must show some evidence*</u> of both discriminatory effect and discriminatory intent." *United States v. Bass*, 536 U.S. 862, 863 (2002) (emphasis added). Defendant's request for discovery and motion to dismiss fail because he does not offer sufficient evidence tending to show discriminatory effect. To meet the discriminatory effect prong justifying discovery, "the defendant must make a credible showing that similarly situated individuals of a different race were not prosecuted." *Id.* at 863. Indeed, as the Supreme Court noted, this discovery threshold requirement emphasizes the basic idea that "selective-prosecution implies that a selection has taken place." *Armstrong*, 517 U.S. at 469.

In support of his motion, Defendant relies on the documents filed in connection with a similar motion in *United States v. Thorpe*, Cr. Case No. 03-80329, in the Eastern District of Michigan. In that case, although acknowledging that Thorpe did not establish a prima facie case of selective-prosecution, the Court nonetheless ordered the Government to produce certain documents for an *in camera* inspection. This Court declines to enter a similar order because Defendant fails to establish evidence tending to show discriminatory effect. Specifically, Defendant fails to offer any evidence that similarly situated persons were treated differently. *See Bass*, 536 U.S. at 864.

As noted, *supra*, the Supreme Court articulated its justification for the stringent discovery standard in *Armstrong*. The Court found that its articulated threshold for discovery "adequately balances the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective-prosecution." *Id.* Indeed, if courts required *in camera* review of discovery documents from the Government based on a defendant's mere allegation of selective-prosecution, without evidence tending to show

discriminatory intent and effect, the Supreme Court's reasoning for the rigorous discovery standard outlined in *Armstrong* and *Bass* would have no impact.

Defendant contends that he cannot make the required showing for discovery because the Government is in possession of the required information. The Government, however, is not Defendant's only avenue to make some showing of discriminatory effect. As the Supreme Court noted in *Armstrong*, Defendant "could [ ] investigate[ ] whether similarly situated persons of other races were prosecuted by the State of [Michigan] and were known to federal law enforcement officers, but were not prosecuted in federal court."[1] *Armstrong*, 517 U.S. at 470.

Given that Defendant must offer some evidence tending to show both discriminatory intent and effect in order to obtain discovery based on a selective-prosecution allegation, Defendant's failure to offer sufficient evidence of discriminatory effect bars discovery and the Court need not discuss what evidence, if any, has been presented regarding discriminatory intent. *See Bass*, 536 U.S. at 863-864 (rejecting discovery based on failure to offer evidence tending to show discriminatory effect without discussing discriminatory intent). Suffice it to say, however, that the evidence of discriminatory intent in this record is as sparse as the evidence of discriminatory effect.

## IV.    CONCLUSION

---

[1] The Court offers no opinion as to whether the State of Michigan, Wayne County or the Eastern District of Michigan are the areas from which Defendant must find similarly situation persons of a different race who were not prosecuted.

For these reasons, the Court DENIES Defendant's Motion To Dismiss and For Discovery.

**IT IS SO ORDERED.**

<u>**S/Victoria A. Roberts**</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated:  July 7, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 7, 2005.**

**s/Carol A. Pinegar**
**Deputy Clerk**